**Patsy McWATERS, Administratrix of the Estate of Charles Wayne McWaters, Deceased, Plaintiff-Appellant,**

v.

**STEEL SERVICE CO., INC., Defendant-Appellee.**

No. 77–3270.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1979.

Decided April 25, 1979.

80

Craig W. Housman, Charles A. Williams, Williams, Housman & Sparks, Paducah, Ky., for plaintiff-appellant.

Richard C. Roberts, Threlheld, Whitlow & Roberts, Paducah, Ky., for defendant-appellee.

Before EDWARDS, Chief Judge, LIVELY, Circuit Judge, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

The plaintiff appeals from judgment on a directed verdict for the defendant in this diversity case. The plaintiff's decedent, an employee of a construction company, was killed when a bundle of steel rods being used in the construction of a bridge collapsed. The rods, which were of varying lengths up to fifty feet, were made of reinforcing, not structural, steel. They had been placed vertically in a concrete footing, forming a cage or tower which was rectangular in shape. A guy wire had been run to the ground from one side of the tower, but the plaintiff contends that it should have been "guyed" from all four sides.

The defendant sold the steel rods to the employer of the plaintiff's decedent. There is no claim in this case that the rods were defective when delivered to the contractor, or that the defendant had any control over them after delivery. The collapse and fatal injury resulted solely from the manner in which the contractor used the rods. Recovery under the doctrine of strict liability was sought on the theory that the defendant had a duty to warn the purchaser of the danger of placing the rods in a vertical position without properly securing the resulting tower with guy wires. It is undisputed that the decedent's employer was an experienced highway and bridge contractor.

We have been pointed to no case which holds that the supplier of basic construction materials to a contractor, having no control over the manner in which the materials will be used, is under a duty to warn of the danger of using the materials without proper safeguards. The plaintiff relies on *Bohnert Equipment Co., Inc. v. Kendall,* 569 S.W.2d 161 (Ky.1978). However, in *Bohnert* there was uncontradicted expert testimony that a crane was in a defective condition when it was delivered to the purchaser. *Id.* at 164. Further, *Bohnert* involved a finished piece of equipment, not basic construction materials. Additionally, difficulties were experienced between the time of installation and the time of the accident in which an employee of the purchaser was injured, and the seller of the crane knew of these problems. These facts distinguish *Bohnert* from the present case.

Upon consideration of the entire record on appeal together with the briefs and oral arguments of counsel the court concludes that the district court did not err in directing a verdict for the defendant in this case.

The judgment of the district court is affirmed.